# ATTACHMENT 1

# COMPLAINT FORM
(for non-prisoner filers without lawyers)

IN THE UNITED STATES DISTRICT COURT
FOR THE  WESTERN  DISTRICT OF  IV



(Full name of plaintiff(s))

**PATRICIA ANN WILLIAMS**

vs

Case Number: **16 C 830 - BBC**

(Full name of defendant(s))

**STATE OF WI DWD &**

**Allen, Newton, Glenn, Lampone,**

**& Brian Hayes DHA Administrator**

(to be supplied by clerk of court)

A. PARTIES

1. Plaintiff is a citizen of  WISCONSIN  and resides at
   (State)

   **P.O. Box 259583, Madison, WI 53725**
   (Address)

   (If more than one plaintiff is filing, use another piece of paper).

Attachment One (Complaint) – 1

2. Defendant __Department of Workforce Development__
   (Name)

is (if a person or private corporation) a citizen of __Wisconsin__
(State, if known)

and (if a person) resides at __201 East Washington Avenue, Madison, WI 53703__
(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for __DWD Division of Vocational Rehabilitation__
(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B.  STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

Secretary of DWD - Raymond Allen, DWD Division of Vocational of Rehabilitation

Administrator Delori Newton, DWD/DVR Deputy Administrator Enid Glenn, &

DWD/DVR Director Nicholas Lampone allowed an adverse action to take place against

the Plaintiff, Patricia Williams, who is presently a participate in the DWD/DVR Job

Training Program. This discriminatory & retaliatory action is a violation of the

Rehabilitation Act of 1973 as Amended of Section 504. Section 504. 1.) Plaintiff,

Patricia Williams is a qualified individual with a disability (Diabetes & Anxiety Disorder).

2.) Plaintiff, Patricia Williams qualify for the DWD/DVR Services based on her disability.

3.) Patricia Williams was discriminated based solely by reason of her disability.

Plaintiff has been prevented from benefiting from the DVR program. By not having a workable IPE (Individual Plan for Employment) as of today's date. Therefore, Plaintiff didn't have no choice, but to develop an IPE on her own behalf. Thereafter, DWD/DVR has refused to support & approve services, that are desperately needed to achieve Plaintiff (IPE Goal) of attending a Law School in the State of WI and becoming an Attorney 29 U.S.C. § 723, 29 U.S.C. § 722. There's no way to become employed by refusing to support an Informed Choice without an IPE 29 U.S.C. § 794 (a). Plaintiff, Patricia Williams is being retaliated against to interfere with her exercising her "protected right." The Plaintiff contacted the United States Department of Labor Inspector General (Chicago, IL) regional office and United States Senator Tammy Baldwin, who contacted the United States Department of Justice in Washington, D.C. Attorney General Loretta Lynch on my behalf. Because DWD/DVR released DWD/DVR Counterfeit Checks & documents in the Plaintiff legal name via on open records request Cepada, 814 F. Supp. 2d at 514. It is undisputed that the Department of Workforce Development is a State Agency "program" that is receiving Federal Funds. Department of Workforce Development in the Plaintiff's case committed an intentional, conduct, which meets gross misjudgment, bad faith, and deliberate indifference standards and Discrimination are pervasive enough to deprive the Plaintiff of equal access to the program by being excluded, retaliated, and denied services are a violation of the Rehab Act of 1973 as Amended, 42 U.S.C. § 2005e-5, U.S.C.§ 794a.

C.  JURISDICTION

☑ I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $_____.

D.  RELIEF WANTED

Describe what you want the court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or stop doing something.

18 U.S.C. Chapter 96. State of Claim: continue

And Plaintiff, Patricia Williams also, filed 2 past Lawsuits at the Western District Court

against DWD/DVR. 4.) DWD is a state program that recieves Federal Financial

Assistance from the Federal Government Silk v. City of Chicago, 194 F.3d 798 n. 6

(7th Cir. 1999), 29 U.S. C. § 794 (a).

The Plaintiff is aggrieved by the adverse actions, inactions & Loss of Liberty caused

DWD/DVR Administrative Staff, whom is in charge of running an no-discriminatory

program 29 U.S.C § 723, 29 U.S.C. § 722. Plaintiff is being denied DVR services to

attend 3 years of Law School. Plaintiff has been unemployed for total of 4 1/2 years

after her employment with DWD/DVR were terminated on July, 2012.

Patricia Williams

## Attachment One (Complaint) – 4 Continues:

Plaintiff, Patricia Williams have been working with DWD/DVR to regain full-time employment for a total of 4 ½ years from July, 2012 – presently without being successful. Plaintiff Patricia Williams became an unemployed job applicant after being terminated by former DWD/DVR Director Les Mirkin. The Plaintiff worked for DWD/DVR as a DWD/DVR Job Developer. The Plaintiff re-entered the DWD/DVR Program again seeking full-time employment. The Plaintiff presently has no workable IPE (Individual Plan for Employment) to lead her into full time gainful employment as an Attorney. By refusing to approve services on Plaintiff's IPE has cause disparate treatment that violates her Civil Rights and caused her a Loss of Liberty. At this time, the Plaintiff cannot move forward with her informed choice of becoming an Attorney. Right at this minute the Plaintiff is a job seeking applicant in the DWD/DVR program without anything in writing, in place to ensure, so she will & can accomplish her employment goal. This discriminatory treatment is a violation of the Rehab Act of 1973 of Section 504 as Amended.

### D. RELIEF WANTED

Count 1:

DWD has violated the Rehabilitation Act of 1973 as Amended of Section 504.

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, prohibits "any program or activity receiving federal financial assistance from subjecting any "otherwise" qualified individual with a disability" to discrimination. The term "program or activity" is broadly defined. Section 504 states that "no qualified individual with a disability" in the United States shall be excluded from, treated with difference, denied the benefits of, or provide different services, or be subjected to discrimination under "any program or activity" that either receives Federal financial assistance.

State of Wisconsin Department of Workforce Development is responsible for enforcing its own regulations. Section 504 may also be enforced through private lawsuits.

Plaintiff, Patricia Williams is severely aggrieved by intentional, willful, malicious, & reckless discriminatory treatment & retaliation by State of Wisconsin Department of Workforce Development Staff, for denial of DVR services - (State of Wisconsin Law School Tuition for a Total of 3 years, Books, Supplies, State Paid Law School LTE Internship, Parking/mileage transportation reimbursement, Assistive Technology Assessment, Assistive Technology Software and/or equipment, Exception Request/Process for any needed item/services that cost over $5,000) must be approved by Supervisory Staff, & retaliation while participating in a State of Wisconsin Governmental Agency job training. Plaintiff, Patricia Williams requested and signed an Authorization to Release Confidential Form, to access a copy of her own DWD/DVR

Confidential Case File (IRIS Case Number 001300962) from February 1, 2016 unto April 30. 2016. Plaintiff requested all e-mails & case notes between DWD/DVR Director Nicholas Lampone and the Plaintiff during that period of time. Plaintiff needed her records for an Appeal DHA against DWD/DVR for refusing to provide services. Plaintiff received an in-complete file with all of her case notes and e-mails deleted out of her case file. It is a criminal violation of DWD/DVR confidentiality Policy to destroy, delete and/or alter a DWD/DVR Participates' Case File. The Plaintiff is entitled to a complete copy of her DWD/DVR case file without interference.

Plaintiff, Patricia Williams have been shown deference and retaliated against because she exercised her right to participate in an investigation against DWD/DVR. Please see attached letters & e-mails. 1 letter & 1 e-mail from United States Senator Tammy Baldwin, J.D., 2 Letters from Disability Rights, Wisconsin (Milwaukee, WI Office), and an E-mail from the United States Department of Labor – Inspector General Regional Office (Chicago, IL). Plaintiff also, were trained for 6 months on a DWD Job, and interviewed for the same full time DWD job. But DWD refused to hire the Plaintiff permanently after all of the training (1,400) hours in the position. And refusing to allow the Plaintiff to move forward within the DWD/DVR program with an employment goal of becoming (Attorney) on an IPE. DWD/DVR is as I mentioned is refusing to pay for Law School in this State of Wisconsin. Plaintiff, Patricia Williams doesn't have anything in writing (IPE) that would allow her to move forward from unemployment to employment. 29 U.S.C. § 791 as Amended.

The State of Wisconsin DWD Department of Workforce Development is receiving Federal Funds from the Federal Government, therefore, there must not be nay discrimination, or retaliation allowed or, DWD at 201 East Washington Avenue, Madison, Wisconsin 53707 could lose its' Federal Funding.

WHEREFORE, aggrieved Plaintiff, Patricia Williams is seeking financial damages in the amount of $3.3 Million, Attorney Fees, and asking this Court to ensure that DWD/DVR provide services so, the Plaintiff can attend Law School in the State of Wisconsin. And any other remedies that this Court may find proper in my case 7 U.S.C. § 2279d, 29 U.S.C. § 794a.

Patricia Williams

December 13 2016                                    Attachment One – 4 Continues

*Patricia Williams* (signature)

E.  JURY DEMAND

☐ Jury Demand - I want a jury to hear my case
       OR
☑ Court Trial – I want a judge to hear my case

Dated this __13__ day of __December__ 20__16__.

Respectfully Submitted,

_____
Signature of Plaintiff

**608-841-1369**
Plaintiff's Telephone Number

Williamscareerplacement@yahoo.com
Plaintiff's Email Address

**P.O. Box 259583**

**Madison, Wisconsin 53725**
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE**

☑ I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

☐ I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Attachment One (Complaint) – 5