IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA ANN WILLIAMS,

    Plaintiff,

  v.

WISCONSIN DEPARTMENT OF
WORKFORCE DEVELOPMENT,

    Defendant.

OPINION and ORDER

16-cv-830-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

    Plaintiff,

  v.

DEPT. OF WORKFORCE DEVELOPMENT
and DEPT. OF ADMINISTRATION,

    Defendants.

OPINION and ORDER

17-cv-253-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

    Plaintiff,

  v.

DEPT. OF WORKFORCE DEVELOPMENT,

    Defendant.

OPINION and ORDER

17-cv-254-bbc

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

             Plaintiff,

   v.

DEPT. OF WORKFORCE DEVELOPMENT,

             Defendant.

OPINION and ORDER

17-cv-255-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

These four cases filed by plaintiff Patricia Williams are before the court for two reasons. First, case nos. 17-cv-253-bbc, 17-cv-254-bbc and 17-cv-255-bbc need to be screened in accordance with 28 U.S.C. § 1915 to determine whether the complaint in each case states a claim upon which relief may be granted. (The court screened case no. 16-cv-830-bbc on February 2, 2017. Dkt. #8.) Second, plaintiff has filed a motion to consolidate all of the cases. For the reasons explained below, I am allowing plaintiff to proceed on a claim in case no. 17-cv-254-bbc that the Wisconsin Department of Workforce Development refused to hire her for a permanent position because she is disabled; I am dismissing case nos. 17-cv-253-bbc and 17-cv-255-bbc without prejudice for plaintiff's failure to provide fair notice of her claims, as required by Rule 8 of the Federal Rules of Civil Procedure; and I am denying plaintiff's motion to consolidate as premature.

OPINION

I. SCREENING CASE NO. 17-CV-253-BBC

Plaintiff alleges that employees in the Department of Workforce Development and the Department of Administration "were involved in printing, forging and cashing DVR Training Grant Checks by using [plaintiff's] identity." She also says that the same employees "discriminated" and "retaliated" against her because of her "disability" and "for exercising her First Amendment rights." She asserts claims under the First Amendment, Rehabilitation Act, Title VII of the Civil Rights Act of 1964 and the Racketeer Influenced and Corrupt Organizations Act.

Plaintiff's allegations do not state a claim upon which relief may be granted. As to plaintiff's First Amendment retaliation claim, a threshold problem is that a state agency such as the Department of Workforce Development or the Department of Administration cannot be sued for constitutional violations. Will v. Michigan Dept. of State Police, 491 U.S. 58, 65-66 (1989); Illinois Dunesland Preservation Society v. Illinois Dept. of Natural Resources, 584 F.3d 719, 721 (7th Cir. 2009). Rather, the plaintiff must sue individual defendants who were personally involved in violating the plaintiff's First Amendment rights, explaining what each individual did. Kuhn v. Goodlow, 678 F.3d 552, 555-56 (7th Cir. 2012). Although plaintiff includes the names of individual employees in the body of her complaint, she did not include their names in the caption of her complaint, which is what she must do if she wants to name them as defendants, Myles v. United States, 416 F.3d 551, 551 (7th Cir. 2005), and she did not explain how each of them was personally involved in violating

her rights, which is what she must do to provide fair notice to defendants. She cannot simply list individuals and state in conclusory fashion that they collectively retaliated against her. Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008) (plaintiffs may not rely on "[v]ague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct").

Even setting aside plaintiff's failure to name a proper party, this claim has other problems. To prevail on a First Amendment retaliation claim, a plaintiff must prove three things: (1) she engaged in conduct that is protected by the First Amendment; (2) the defendant subjected the plaintiff to adverse treatment because of the plaintiff's constitutionally protected activity; and (3) the defendant's conduct was sufficiently adverse to deter a person of "ordinary firmness" from engaging in the protected activity in the future. Gomez v. Randle, 680 F.3d 859, 866-67 (7th Cir. 2012); Bridges v. Gilbert, 557 F.3d 541, 555-56 (7th Cir. 2009). Plaintiff's allegations are not sufficient to satisfy any of these elements.

First, plaintiff does not identify her speech or other conduct that is protected by the First Amendment. Second, plaintiff does not allege that anyone took a particular act against her because of any protected conduct. Third, because plaintiff does not identify any alleged actions, it is impossible to tell whether she was subjected to an adverse act that would deter a person of ordinary firmness from exercising her rights.

A state agency may be a proper defendant under the Rehabilitation Act, e.g., Wagoner v. Lemmon, 778 F.3d 586 (7th Cir. 2015), but plaintiff's claim is deficient in other respects.

her rights, which is what she must do to provide fair notice to defendants. She cannot simply list individuals and state in conclusory fashion that they collectively retaliated against her. Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008) (plaintiffs may not rely on "[v]ague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct").

Even setting aside plaintiff's failure to name a proper party, this claim has other problems. To prevail on a First Amendment retaliation claim, a plaintiff must prove three things: (1) she engaged in conduct that is protected by the First Amendment; (2) the defendant subjected the plaintiff to adverse treatment because of the plaintiff's constitutionally protected activity; and (3) the defendant's conduct was sufficiently adverse to deter a person of "ordinary firmness" from engaging in the protected activity in the future. Gomez v. Randle, 680 F.3d 859, 866-67 (7th Cir. 2012); Bridges v. Gilbert, 557 F.3d 541, 555-56 (7th Cir. 2009). Plaintiff's allegations are not sufficient to satisfy any of these elements.

First, plaintiff does not identify her speech or other conduct that is protected by the First Amendment. Second, plaintiff does not allege that anyone took a particular act against her because of any protected conduct. Third, because plaintiff does not identify any alleged actions, it is impossible to tell whether she was subjected to an adverse act that would deter a person of ordinary firmness from exercising her rights.

A state agency may be a proper defendant under the Rehabilitation Act, e.g., Wagoner v. Lemmon, 778 F.3d 586 (7th Cir. 2015), but plaintiff's claim is deficient in other respects.

To prevail on an employment discrimination claim under the Rehabilitation Act claim, a plaintiff must prove four things: (1) she is disabled within the meaning of the statute; (2) she was otherwise qualified for the job in question; (3) she was subjected to an adverse employment action solely because of her disability; and (4) the employment program of which her job was a part received federal financial assistance. Whitaker v. Wisconsin Department of Health Services, 849 F.3d 681, 684 (7th Cir. 2017). Perhaps some of these elements could be inferred from the complaint, but plaintiff does not identify any way that the Department of Workforce Development discriminated against her, so she has not stated a claim under the Rehabilitation Act.

Plaintiff's Title VII claim fails for the simple reason that the only type of discrimination plaintiff alleges is disability discrimination. Title VII applies to discrimination because of sex, race, national origin and religion. Because plaintiff does not allege that type of discrimination, I am dismissing the Title VII claim.

Plaintiff's RICO claim against the state agencies is barred by the doctrine of sovereign immunity. Chaz Construction, LLC v. Codell, 137 Fed. Appx. 735, 743, 2005 WL 1313841, at *7 (6th Cir. May 11, 2005); Bair v. Krug, 853 F.2d 672, 674–75 (9th Cir.1988); Doe v. Board of Trustees of University of Illinois, 429 F. Supp. 2d 930, 941 (N.D. Ill. 2006). Further, a civil RICO claim can be brought only when the plaintiff is claiming an injury to her business or property, RWB Services, LLC v. Hartford Computer Group, Inc., 539 F.3d 681, 685 (7th Cir. 2008), something that plaintiff has not alleged. See also DeGuelle v. Camilli, 664 F.3d 192, 198 (7th Cir. 2011) (plaintiff's injury must be

5

caused by conduct of enterprise in interstate commerce through pattern of racketeering activity).

Because plaintiff's allegations do not state a claim upon which relief may be granted, I am dismissing this complaint. However, I will give plaintiff an opportunity to file an amended complaint that addresses the problems identified in this order.

I remind plaintiff that an amended complaint must be able to *replace* the original complaint. In other words, plaintiff must include *all* the facts related to a particular claim that she wants the court to review when considering whether she has stated a claim upon which relief may be granted. If plaintiff chooses to file an amended complaint, she should review the elements of her claims and draft her complaint with those elements in mind. She should also review the court's February 27, 2017 order in case no. 16-cv-830-bbc that sets out instructions for filing an amended complaint.

## II. SCREENING NO. 17-CV-254-BBC

Plaintiff alleges that she had a temporary position as a training specialist with the Department of Workforce Development from April 2016 to October 2016 and that the department "refused to hire or rehire [her] based on her disability." Plaintiff asserts claims under the Rehabilitation Act and Title VII of the Civil Rights Act of 1964. I conclude that plaintiff has stated a claim under the Rehabilitation Act but not Title VII of the Civil Rights Act.

As to the Rehabilitation Act, plaintiff does not identify in her complaint what her

disability is and she does not explain why she believes her disability was the reason the department did not give her a permanent job. However, that information is not required in this circuit. Rutledge v. Illinois Dept. of Human Services, 785 F.3d 258, 259 (7th Cir. 2015) (plaintiff stated claim for disability discrimination by alleging "that his discharge ostensibly for neglect was actually motivated by his being disabled").

Plaintiff does not allege explicitly that the department receives federal funds, but it is reasonable to assume at the pleading stage that it does. It is also reasonable to infer that plaintiff was qualified for the position from her allegation that she performed the job for several months. Of course, at summary judgment at trial, plaintiff will have to come forward with admissible evidence that supports each element of her claim.

I am dismissing plaintiff's Title VII claim because plaintiff does not allege that the department discriminated against her for any of the reasons protected by that statute.

III.  SCREENING NO. 17-CV-255-BBC

Plaintiff alleges that employees of the Department of Workforce Development "released" her "Confidential Case File Records" to various state and municipal agencies and without her authorization. Plaintiff also alleges that two of her "case file records . . . have been destroyed" and that the department "is refusing to release any of [her] records." Finally, plaintiff alleges that the department took these actions because she "exposed & reported Fraud within her old DVR Confidential case file." She asserts claims under the First Amendment and the Rehabilitation Act.

7

Plaintiff's does not say whether the alleged retaliation in this case is related to the alleged retaliation in case no. 17-cv-253-bbc. In any event, plaintiff has not stated a claim under the First Amendment or the Rehabilitation Act.

As to the First Amendment, again, the Department of Workforce Development cannot be sued for First Amendment violations; plaintiff must name individuals, explaining how each individual was personally involved in violating her First Amendment rights. Also, plaintiff does not provide any facts about the nature of the speech that she believes is constitutionally protected. For example, plaintiff does not provide any details about the "fraud" that she reported and she does not identify even the subject matter of the files that were allegedly disseminated, destroyed and withheld. Without that information, it is impossible to determine whether plaintiff engaged in conduct that is protected by the First Amendment or whether the alleged conduct of the department's employees likely would deter an average person from exercising her First Amendment rights.

Plaintiff's Rehabilitation Act claim fails because she does not allege that she was discriminated against because of her disability in the context of a program or activity that receives federal financial assistance. If plaintiff means to bring a retaliation claim under the Rehabilitation Act, it is not clear whether a plaintiff may bring such a claim, as the court noted in case no. 16-cv-830-bbc, dkt. #8 at 5. If such a claim is available, it is limited to retaliation for complaining about disability discrimination or participating in an investigation about disability discrimination. Id. at 5-7. Plaintiff does not allege that the alleged retaliation was related to an investigation or complaint about disability, so she

8

cannot proceed on a claim under the Rehabilitation Act.

Again, I will give plaintiff an opportunity to amend her complaint to correct the problems that I have identified.

IV. MOTION TO CONSOLIDATE

Plaintiff seeks to consolidate all of her cases that are pending in this court. I am denying this motion without prejudice. Until the scope of plaintiff's claims in these cases is determined, it would be premature to determine whether it makes sense for the cases to be consolidated.

ORDER

IT IS ORDERED that

1. Plaintiff Patricia Williams is GRANTED leave to proceed on her claim in case no. 17-cv-254-bbc that defendant Department of Workforce Development refused to give her a permanent position because of her disability, in violation of the Rehabilitation Act.

2. All other claims in case no. 17-cv-254 and case no. 17-cv-253-bbc and case no. 17-cv-255-bbc are DISMISSED WITHOUT PREJUDICE for plaintiff's failure to provide fair notice of those claims.

3. Plaintiff may have until May 31, 2017, to file amended complaints in case nos. 17-cv-253-bbc and 17-cv-255-bbc. If plaintiff does not respond by May 31, 2017, I will dismiss those two cases with prejudice.

4. Plaintiff's motion to consolidate, dkts. ## 31 and 34 (in case no. 16-cv-830-bbc) and dkt. #4 (in case nos. 17-cv-253-bbc, 17-cv-254-bbc and 17-cv-255-bbc), is DENIED.

5. The clerk of court is directed to forward copies of plaintiff's complaint in case no. 17-cv-254-bbc, completed summons forms and this order to the U.S. Marshal for service on defendant Department of Workforce Development. Plaintiff should not attempt to serve defendant on her own.

6. For the time being, plaintiff must send defendant a copy of every paper or document she files with the court. Once plaintiff has learned what lawyer will be representing defendant, she should serve the lawyer directly rather than defendant. The court will disregard any documents submitted by plaintiff unless she shows on the court's copy that she has sent a copy to the defendant or its attorney.

7. Plaintiff should keep a copy of all documents for her own files. If plaintiff does not have access to a photocopy machine, she may send out identical handwritten or typed copies of her documents.

8. If plaintiff moves while this case is pending, it is her obligation to inform the court of her new address. If she fails to do this and defendant or the court are unable to locate her,

her case may be dismissed for failure to prosecute.

      Entered this 12th day of May, 2017.

                        BY THE COURT:

                        /s/

                        _____
                        BARBARA B. CRABB
                        District Judge