DOC NO
REC'D/FILED
2017 JUL 28 AM 9:30
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICIA WILLIAMS,

    Plaintiff,

v.

    Case No: 16-cv-830-bbc

    Case No: 17-cv-253-bbc

    Case No: 17-cv-254-bbc

    Case No: 17-cv-255-bbc

STATE OF WISCONSIN,

DEPARTMENT OF WORKFORCE DEVELOPMENT,

    Defendants,

---

### NOTICE OF AN APPEAL

---

    Pro Se, Plaintiff moves this court for an Appeal of Judge Barbara Crabb's denial on July 11, 2017 of Motion for Re-consideration for a change of Venue in the cases listed above. The Plaintiff, Patricia Williams tried to explain to the Court a good reason to have her cases changed over to the Milwaukee county Eastern District Court. Again, I will explain the reasons for this request of change in venue in order to move forward with these cases.

    Reasoning for this change in venue would remove unduly hardship for the Plaintiff's Witnesses that lives and works in Milwaukee, Wisconsin. Plus, 1 of the Plaintiff's witnesses has a disability that relates to a mobility disability. Driving from Milwaukee to Madison for 2 weeks of trial on a daily basis would be a hardship on this particular witness for sure. All of the other witnesses lives in Milwaukee, Wisconsin area close to the Eastern District Courthouse as well Wis. Stats. 801 & 801.52.

    Discretionary change of venue. The court may at any time, upon its own motion, the motion of a party or the stipulation of the parties, change the venue to any county in the interest of justice or for the convenience of the parties or witnesses, except that venue in a civil action to impose a forfeiture for a violation of chs. 5 to 12, subch. III of ch. 13, or subch. III of ch. 19 or for a violation of any other law arising from or in relation to the official functions of the subject

of the investigation or any matter that involves elections, ethics, or lobbying regulation under chs. 5 to 12, subch. III of ch. 13, or subch. III of ch. 19, may be changed only as provided in s. 971.223 (1) and (2) or in the same manner that is authorized for a change in the venue of a criminal trial under s. 971.22. This section does not apply to proceedings under ch. 980.

      Plaintiff further requests that all cost associated with the change of venue be paid by the opposing party unless in full by the county the case is transferred from 801 & 801.52. Plaintiff also request a waiver on court cost fee associated with the processing of this Appeal of Judge Crabb's Order in denial of Motion to change venue re-consideration in this matter.

Date: July 25, 2017

Sincerely,

*Patricia Williams*
Patricia Williams


Copy Mailed out by USPS Mail to Assistant Attorney General Katherine Spitz