IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA ANN WILLIAMS,

                                OPINION and ORDER

        Plaintiff,

                                16-cv-830-bbc

    v.

WISCONSIN DEPARTMENT OF
WORKFORCE DEVELOPMENT,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

                                OPINION and ORDER

        Plaintiff,

                                17-cv-253-bbc

    v.

DEPT. OF WORKFORCE DEVELOPMENT
and DEPT. OF ADMINISTRATION,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

                                OPINION and ORDER

        Plaintiff,

                                17-cv-254-bbc

    v.

DEPT. OF WORKFORCE DEVELOPMENT,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

               Plaintiff,

    v.

DEPT. OF WORKFORCE DEVELOPMENT,

               Defendant.

OPINION and ORDER

17-cv-255-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

These four cases filed by pro se plaintiff Patricia Williams are before the court for three reasons. First, plaintiff has filed a notice of appeal in all four cases related to the court's decision to deny her motion to transfer the cases to the Eastern District of Wisconsin. Second, in cases nos. 17-cv-253-bbc, 17-cv-254-bbc and 17-cv-255-bbc plaintiff has filed what she calls a "motion to strike incorrect information." Third, in the same three cases, plaintiff has filed what she calls a "motion for a temporary restraining order." For the reasons explained below, I decline to certify that plaintiff may file an interlocutory appeal; I conclude that plaintiff may not proceed on appeal <u>in forma pauperis</u>; and I am denying her motions.

OPINION

A. <u>Interlocutory Appeal</u>

Plaintiff faces two procedural hurdles related to her notice of appeal. First, because

plaintiff is seeking to appeal an order that is not final, I must decide whether to certify the appeal under 28 U.S.C. § 1292(b). Second, plaintiff did not accompany her notice with the $505 fee for filing an appeal, so I construe her notice as including a motion to proceed in forma pauperis.

A party may appeal a non-final decision in only rare situations. Under 28 U.S.C. § 1292(b),

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

In this case, plaintiff has not met any of the requirements set out in § 1292(b). First, I do not believe that there is a substantial ground for a difference of opinion on the question whether these cases should be transferred to the Eastern District of Wisconsin. Plaintiff is suing a state agency that is located in this district. She does not allege that any of the events relevant to any of the cases occurred in the Eastern District or that a substantial number of defendants reside there. Second, an early appeal from the orders will not materially advance the ultimate termination of this litigation. Indeed, it may serve only to delay it. The deadline for filing dispositive motions in 16-cv-830-bbc is imminent, so it would make no sense to transfer that case now. Accordingly, I decline to certify that plaintiff should be permitted to file an interlocutory appeal.

The next question is whether plaintiff should be permitted to proceed in forma pauperis on appeal. A district court has authority to deny a request for leave to proceed in

3

forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g); Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). I will deny plaintiff's motion for pauper status because I certify that her appeal from an unappealable non-final order is not taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, plaintiff cannot proceed with her appeal without prepaying the $505 filing fee unless the court of appeals gives her permission to do so. Under Fed. R. App. P. 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. Her motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order. Plaintiff should be aware that if the court of appeals agrees with this court that the appeal is not taken in good faith, it will send her an order requiring her to pay all of the filing fee by a set deadline. Ordinarily, if a plaintiff fails to pay the fee within the deadline set, the court of appeals will dismiss the appeal.

### B. Motion to "Strike"

I am denying plaintiff's "motion to strike incorrect information" as unnecessary. Plaintiff objects to information provided in defendants' answers and she wishes to provide her version of events. However, it is not necessary for plaintiff to respond to defendants' answer. Indeed, Fed. R. Civ. P. 7(a)(7) forbids a plaintiff to submit a reply to an answer

4

unless the court directs a reply to be filed. No such order has been made in this case.

Plaintiff is not prejudiced by Rule 7(a) because averments in pleadings to which a response is not allowed are assumed to be denied. Fed. R. Civ. P. 8(b)(6). Therefore, although plaintiff is not permitted to respond to defendants' answers, the court assumes that she has denied the factual statements and affirmative defenses raised in the answers. The time for presenting evidence in support of her claims is in the context of a motion for summary judgment or at trial.

### C. Temporary Restraining Order

In her one-paragraph "motion for a temporary restraining order," plaintiff asks for an order prohibiting staff of the Department of Workforce Development from "releasing vital case notes, other medical documentation and discovery from Patricia Williams['s] personnel file that is necessary to represent the Plaintiff." She includes no explanation, but cites Oregon v. Ashcroft, 368 F.3d 1118 (9th Cir. 2004), in which the court considered the scope of the Controlled Substances Act. Neither the case nor the Controlled Substances Act has any apparent relevance to the issues in any of plaintiff's four cases.

Preliminary injunctive relief is appropriate in "extraordinary circumstances" when the plaintiff has shown some likelihood of success on her claims and that she will be irreparably harmed if the defendants are not enjoined now. D.U. v. Rhoades, 825 F.3d 331, 335 (7th Cir. 2016). Alternatively, injunctive relief may be appropriate if a plaintiff shows that a defendant or third party is preventing her from litigating this case.

Plaintiff has not made either of the above showings. In fact, she does not even explain why she wants the relief she is requesting. She attaches several unauthenticated emails to her motion, but they do not support her motion. At most, the emails suggest that there was misunderstanding between plaintiff and the department regarding how it should process plaintiff's request for records in her personnel file. Nothing in the emails supports the view that plaintiff is entitled an injunction at this time.

ORDER

IT IS ORDERED that

1. Plaintiff Patricia Williams's request for leave to proceed in forma pauperis on appeal is DENIED. I certify that plaintiff's appeal is not taken in good faith. The clerk of court is directed to insure that plaintiff's obligation to pay the $505 fee for filing her appeal is reflected in the court's financial record.

2. I decline to certify plaintiff's interlocutory appeal under 28 U.S.C. § 1292(b).

3. Plaintiff's motion to "strike," dkt. #18 (in case nos. 17-cv-253-bbc and 17-cv-255-bbc) and dkt. #24 (in case no. 17-cv-254-bbc), is DENIED as unnecessary.

4. Plaintiff's motion for a temporary restraining order, dkt. #19 (in case nos. 17-cv-

253-bbc and 17-cv-255-bbc) and dkt. #25 (in case no. 17-cv-254-bbc), is DENIED.

Entered this 2d day of August, 2017.

                        BY THE COURT:

                        /s/

                        _____
                        BARBARA B. CRABB
                        District Judge