IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA ANN WILLIAMS,

                OPINION AND ORDER

        Plaintiff,

                16-cv-830-bbc

    v.

WISCONSIN DEPARTMENT OF
WORKFORCE DEVELOPMENT,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Patricia Ann Williams is proceeding on a claim that defendant Department of Workforce Development violated the Rehabilitation Act by refusing to pay for expenses related to law school as part of her "individual plan for employment." Now before the court is defendant's motion for summary judgment. Dkt. #48. For the reasons below, I am granting the motion.

From defendant's proposed findings of fact and plaintiff's responses, I find the following facts to be material and undisputed.

UNDISPUTED FACTS

A. Background

Title I of the Rehabilitation Act is intended to assist states in operating a comprehensive program of vocational rehabilitation services for individuals with disabilities.

1

29 U.S.C. §§ 701-797. The Wisconsin legislature accepted the provisions of the Rehabilitation Act and designated the Division of Vocational Rehabilitation, which is part of defendant Wisconsin Department of Workforce Development, as its rehabilitation services agency. Wis. Stat. § 47.02(1). Pursuant to the Rehabilitation Act, defendant provides vocational rehabilitation services to assist individuals with disabilities "in preparing for, securing, retaining, or regaining an employment outcome that is consistent with the individual's strengths, resources, priorities, concerns, abilities, capabilities, interests, and informed choice." 34 C.F.R. § 361.48.

Defendant provides various services to eligible individuals, including job search and placement assistance, occupational licenses, disability and employment assessments and interpreter services. A central component of the Rehabilitation Act is the requirement that the responsible state agency work with each eligible individual to develop an individualized plan for employment. The purpose of the plan is to assist the individual in establishing, securing, retaining or regaining employment that is consistent with the individual's strength's, resources, abilities and capabilities.

The task of implementing an individualized plan for employment is shared by both the individual with a disability and defendant. Each plan must include "a description of the specific employment outcome that is chosen by the eligible individual" and "a description of the specific vocational rehabilitation services that are . . . needed to achieve the employment outcome," among other things. 29 U.S.C. § 722(b)(4). In developing these plans, the state agency must work with the individual to establish a specific "employment

2

outcome" for the individual, as well as the "nature and scope of vocational rehabilitation services to be included in the [plan]." 34 C.F.R. § 361.45(b)(1). The state must insure that the plan is developed in a manner that allows the individual to exercise informed choice. 34 C.F.R. § 361.45(b)(2). The final individualized plan for employment must be agreed to and signed by the individual and a qualified vocation rehabilitation counselor. 34 C.F.R. § 361.45(d)(3)-(7).

B. Plaintiff's Proposed Individualized Plan for Employment

Plaintiff Patricia Williams suffers from diabetes and anxiety and receives vocational rehabilitation services from defendant. She has held a bachelor's degree since 1994. (Defendant has not challenged plaintiff's eligibility for receiving services.) Patrick Schultz, a vocational counselor, has been assigned to plaintiff's file since 2012 and has helped her in developing an individualized plan for employment.

In the spring of 2016, plaintiff notified Schultz that her employment goal was to become a civil rights attorney. (Before this, plaintiff's long-term employment goal according to her plan was to become a "training/employment specialist" or "career counselor." Her individual plan for employment related to that goal was the subject of a separate lawsuit. Williams v. Wisconsin Dept. of Workforce Development, 16-cv-475-bbc, (W.D. Wis. summary judgement granted to defendants on May 5, 2017)). Schultz met with plaintiff in May 2016 and requested that she do some research to develop a plan, including job shadowing, examining job placement and employment statistics and cost of attendance.

3

Because defendant's training grants for vocational rehabilitation are limited to a maximum of $5,000 a year in most circumstances, Schultz told plaintiff to research how she planned pay the cost of tuition. (The parties agree that law school tuition could exceed $60,000 a year.) Additionally, because plaintiff stated that she had some difficulties learning in the past, had struggled during her undergraduate studies and may have a learning disability, Schultz told plaintiff that psychological testing would be appropriate before defendant would consider providing a grant to help pay for law school tuition.

Plaintiff initially agreed to undergo a psychological assessment. However, in June 2016, plaintiff told Schultz that she was reluctant to undergo testing because she believed defendant would use the results to deny her tuition assistance. Schultz told plaintiff that it was defendant's goal to have her be successful in reaching her employment goals, but stated that he could not guarantee that defendant would support her goal of becoming an attorney. Schultz told plaintiff he would need documentation demonstrating that there was a reasonable chance plaintiff would be able to achieve her employment goals. Plaintiff told Schultz she would schedule a psychological assessment. However, plaintiff did not schedule the psychological evaluation. Instead, she submitted an individualized plan for employment that she had drafted herself, including her expectations for reaching her goal of becoming a civil rights attorney. The plan proposed that defendant would pay for all of plaintiff's law school tuition.

Schultz rejected plaintiff's proposed plan in a letter dated June 15, 2016. He explained that the plan was premature because plaintiff had not applied for or been accepted

to any accredited law schools and had not completed the psychological assessment to diagnose any learning difficulties. Additionally Schultz was concerned that plaintiff had not fully researched the skills required for the occupation or the employment outlook. Schultz attempted to work with plaintiff to schedule a psychological assessment, which would be paid for by defendant. The examination was scheduled originally for September 2016, but plaintiff rescheduled it numerous times.

In the meantime, plaintiff filed a demand for an administrative hearing to appeal Schultz's denial letter. In November 2016, a hearing was held before the Division of Hearings and Appeals to address plaintiff's appeal. In December 2016, the administrative law judge issued a written decision affirming defendant's requirement that plaintiff undergo an evaluation before it would consider assisting her with law school tuition. The administrative law judge noted that defendant "has a credible and legitimate concern regarding the possible learning disability" and that "it would be negligent of [defendant] not to rule that out before considering her [individualized plan of employment], as proposed. This is especially true where the [plan] covers a multi-year educational effort." Plaintiff did not appeal the administrative law judge's decision to state circuit court. She filed suit in this court on December 13, 2016.

In February 2017, Schultz met with plaintiff again. Plaintiff told Schultz she was not willing to undergo a psychological assessment. Schultz told plaintiff that defendant would not consider her plan until she had participated in the assessment. In July 2017, plaintiff and Schultz met again and plaintiff agreed to the assessment. (The assessment apparently

5

took place in August 2017, though neither party has submitted the results.) To date, plaintiff has not submitted to defendant a completed application to any accredited law school, a Law School Admissions Test score or any plan on how to pay for law school tuition beyond insisting that defendant pay the full cost of tuition.

OPINION

Plaintiff contends that defendant violated the Rehabilitation Act by refusing to pay for expenses related to law school as part of her individual plan for employment. Defendant makes several arguments as to why summary judgment is appropriate, including a thorough discussion of the appropriate standard of review and level of deference owed the administrative law judge's decision at the Division of Hearings and Appeals. However, I need not address most of the arguments presented by defendant because it is clear from the undisputed facts and applicable law that plaintiff's claim must fail.

Under the Rehabilitation Act, defendant provides services "necessary to assist an individual with a disability in preparing for, securing, retaining, or regaining an employment outcome that is consistent with the strengths, resources, priorities, concerns, abilities, capabilities, interests and informed choice of the individual." 29 U.S.C. § 723. In insisting that defendant pay the full cost of law school tuition, plaintiff focuses only on her "interests" in pursuing a legal career, but there are other considerations that defendant may take into account in creating and approving an individualized plan, such as plaintiff's resources, abilities and capabilities. Defendant reasonably and appropriately considered these other

6

important factors by conditioning consideration of plaintiff's proposed plan on her agreement to undergo a psychological assessment to evaluate her potential learning difficulties. Defendant also acted reasonably in expecting plaintiff to submit proof that she could take the law school admissions test score, gain admittance to an accredited law school and propose ways in which she could help pay the costs of tuition.

Plaintiff has cited no legal authority that would support a conclusion that defendant acted unlawfully in imposing these reasonable requirements. Instead, courts considering similar claims have rejected them. E.g., Mallett v. Wisconsin Division of Vocational Rehabilitation, 248 F.3d 1158 (7th Cir. 2000) ("It was not unlawful for the agency to determine, in its discretion, that based on Mallett's paltry scholastic performance, his learning disabilities, and his overall abilities and capabilities that graduate school tuition was not a service that was required."); Morgan v. Wisconsin Dept. of Workforce Development, 2016 WI App 80, ¶ 43, 372 Wis. 2d 184, 888 N.W.2d 22 (rejecting argument that Rehabilitation Act required Department of Workforce Development to fund claimant's graduate school studies). Indeed, plaintiff's suggestion that defendant should have approved payment of more than $100,000 for law school tuition without requiring her to help pay for the costs or to show that she was capable of succeeding borders on frivolous. Accordingly, defendant is entitled to summary judgment.

ORDER

IT IS ORDERED that defendant Wisconsin Department of Workforce

Development's motion for summary judgment, dkt. #48, is GRANTED.  The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 13th day of November, 2017.

BY THE COURT:
/s/

BARBARA B. CRABB
District Judge